IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT JAMES BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 03-426-SLR |
| | ) |
| DAVE WILLIAMS, RAPHAEL WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

Albert James Brown, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro se Plaintiff.

Dana Spring Monzo, Esquire, McCullough & McKenty, P.A., Wilmington, Delaware. Counsel for Defendant Tammy Y. Kastre.

**MEMORANDUM OPINION**

Dated: April 25, 2007
Wilmington, Delaware

[signature]
ROBINSON, Chief Judge

## I. INTRODUCTION

On April 24, 2003, Albert James Brown, a pro se plaintiff proceeding in forma pauperis ("plaintiff"), filed the present action pursuant to 42 U.S.C. § 1983[1] against Dave Williams, Courtney Porstman, and Warden Raphael Williams (collectively, the "State defendants").[2] (D.I. 2) On May 24, 2006, plaintiff amended his complaint to add Tammy Y. Kastre ("Kastre") as a defendant. (D.I. 60) Plaintiff asserts four claims, all of which arise under the Eighth and Fourteenth Amendments. Plaintiff requests declaratory judgment, injunctive relief, and compensatory and punitive damages. (D.I. 8 at 16) The court has jurisdiction over the present suit pursuant to 28 U.S.C. § 1331. Before the court is Kastre's motion to dismiss. (D.I. 71) For the reasons that follow, the court grants defendant's motion.

## II. BACKGROUND

The court recited many of the pertinent facts in its memorandum opinion granting State defendants' motion for summary judgment (D.I. 46), thus, only the most pertinent facts related to the present motion to dismiss are summarized below. On May 23, 2002,

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

[2] Plaintiff has also alleged Eighth Amendment violations by Courtney A., Diana Hernandez, Doctor Alvin Kingcade, Doctor Ali, Doctor N. Shah, and PA Ina (collectively, the "medical defendants"), claiming inadequate medical care. (D.I. 8 at 13)

plaintiff was arrested and subsequently admitted to the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, where he has remained at all times relevant to this litigation.[3] (D.I. 2 at 3) Plaintiff filed this § 1983 lawsuit on April 24, 2003, alleging, in part, that the medical care he received during his incarceration at HRYCI violated his Eighth and Fourteenth Amendment rights under the U.S. Constitution. (D.I. 2) Plaintiff initially brought suit against the State defendants on April 24, 2003, and amended his complaint to include the medical defendants on December 1, 2003.[4] (D.I. 2, 8) On April 19, 2006, plaintiff again amended his complaint and added Kastre as a defendant. (D.I. 51, 59) Kastre was made a party to this action by virtue of her capacity as owner of First Correctional Medical, the prison's health care provider during the period in question. (D.I. 59) Plaintiff states that he "learned [Kastre] is the owner of First Correctional Medical," and asserts that she is at fault for the actions of the medical personnel at the prison.[5] (D.I. 51) On September 18, 2006, Kastre moved to dismiss plaintiff's complaint. (D.I. 71)

---

[3]Plaintiff alleges that on the night of his arrest, he was the victim of police brutality, assault, and battery. (D.I. 8 at 1) Plaintiff has filed a separate complaint regarding that incident in Civ. No. 03-404-SLR.

[4]State defendants moved for summary judgment, which the court granted noting that liability in a civil rights action cannot be predicated solely on the operation of respondeat superior. (D.I. 46 at 9) Plaintiff's claims against the medical defendants are still pending.

[5]Specifically, plaintiff alleges that Kastre "is [at] fault [for] the responsibilities of Dr. Shah, supervisor Courtney Portsman, Alvin A. Kingcade, Dr. Ali, PA Ina, [and] Diana Hernandez." (D.I. 51)

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In analyzing a motion to dismiss, the court must accept as true all material allegations of the complaint and it must construe the complaint in favor of the plaintiff. See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." Id. Claims may be dismissed only if the plaintiff cannot demonstrate any set of facts that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Gibbs v. Roman, 116 F.3d 83, 86 n.6 (3d Cir. 1997); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 456 (3d Cir. 1996). The moving party has the burden of persuasion. See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

## IV. DISCUSSION

The Third Circuit has concluded that a person in a supervisory position cannot be the moving force behind a constitutional violation of a subordinate unless the supervisor has exhibited deliberate indifference to the plight of the person deprived. See Sample v.

3

Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989); Lipsett v. Univ. of Puerto Rico, 864 F.2d 881, 902 (1st Cir. 1988)). In addition, "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citing Parratt v. Taylor, 451 U.S. 527, 537 n.3 (1981); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)). Personal involvement can be established through allegations of either personal direction or actual knowledge and acquiesence (deliberate indifference); however, such allegations must be made with particularity. See Rode, 845 F.2d at 1207. Finally, the Supreme Court has held that supervising officials do not violate the constitutional rights of victims of misconduct unless they have had an affirmative part in the misconduct. See Rizzo v. Goode, 423 U.S. 362, 377 (1976); Commonwealth of Pa. v. Porter, 659 F.2d 306, 336 (3d. Cir. 1981) (requiring that supervising officials play an affirmative role in violating the plaintiff's rights and that an official's misconduct "cannot be merely a failure to act").

Viewing the facts in the light most favorable to plaintiff, the court finds that plaintiff has failed to sufficiently allege personal involvement on behalf of Kastre in order to subject her to liability. Plaintiff's allegations have not been made with the requisite particularity. In both his motion to amend the complaint and his answering brief to Kastre's motion to dismiss, plaintiff failed to state any affirmative actions on the part of Kastre. (D.I. 51, 59, 73) Plaintiff only related that Kastre is the owner of First Correctional Medical and that she, therefore, is responsible for the actions of the medical personnel. (D.I. 51) Without specific instances in which Kastre affirmatively

4

knew of or participated in the withholding of constitutionally adequate medical care to plaintiff, it can be inferred that plaintiff intends to hold her liable by virtue of her position. Because § 1983 prohibits the imposition of liability on the sole basis of the doctrine of respondeat superior, the court concludes that plaintiff has failed to state a claim upon which relief can be granted. See Durmer v. O'Carroll, 991 F.2d 64, 69 n. 14 (3d Cir. 1993).

## V. CONCLUSION

For the reasons stated above, defendant's motion to dismiss is granted. An appropriate order shall issue.